

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

_____

*970 Broad Street, 7th floor*                    *973-645-2700*
*Newark, New Jersey 07102*

MJP/PAL PL AGR
2024R00911

July 15, 2025

Edward C. O'Callaghan, Esq.
Cahill Gordon & Reindell LLP
1990 K Street, N.W.
Washington, DC 20006

Jeffrey Chiesa, Esq.
Matthew E. Beck, Esq.
Chiesa Shahinian & Giantomasi PC
105 Eisenhower Parkway
Roseland, NJ 07068

Re:    <u>Rule 11(c)(1)(C) Plea Agreement with Michael Cranston</u>

Dear Counsel:

     This letter sets forth the plea agreement between your client, Michael Cranston ("Cranston"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on **July 16, 2025,** if it is not accepted in writing by that date. If Cranston does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charge</u>

     Conditioned on the understandings specified below, and pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), this Office will accept a guilty plea from Cranston to an Information, which charges Cranston with wire fraud, in violation of 18 U.S.C. §§ 1343 and 2. If Cranston enters a guilty plea and is sentenced to **1 year of probation** on this charge (the "Stipulated Sentence") and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Cranston for his involvement in, from in or around May 2014 through in or around May 2021, wire fraud, mail fraud, money laundering, tax evasion, or tax evasion relating to Cranston's and Bayonne Dry Dock & Repaid Corp.'s ("Bayonne") failure to report revenues to the Port Authority of New York and New Jersey (the "Port Authority") or tax authorities; unlawful employment of

unauthorized aliens or wire fraud relating to Cranston's, Bayonne's, and related entities' employment and retention of unauthorized aliens; or falsification of records relating to a federal investigation or obstruction of justice.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Cranston even if the applicable statute of limitations period for those charges expires after Cranston signs this agreement, and Cranston agrees not to assert that any such charges are time-barred.

If the Court rejects this plea agreement, Cranston may withdraw his guilty plea. Whether or not he does, if the Court rejects this plea agreement, this Office may withdraw from it. If the Court defers a decision to accept the plea agreement until the Court has reviewed the presentence report pursuant to Rule 11(c)(3)(A), Cranston will not move to withdraw his guilty plea unless and until the Court rejects the plea agreement.

<u>Sentencing</u>

The violation of 18 U.S.C. § 1343 to which Cranston agrees to plead guilty carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

Pursuant to Rule 11(c)(1)(C), this Office and Cranston agree that the Stipulated Sentence is the appropriate disposition of the case. Accordingly, if the Court accepts this plea agreement, the Court must sentence Cranston to **1 year of probation**.

Further, in addition to imposing any other penalty on Cranston, the sentencing judge as part of the sentence:

(1)     will order Cranston to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)     must order Cranston to pay restitution pursuant to 18 U.S.C. § 3663A (*see also* 18 U.S.C. § 3663);

(3)     may order Cranston, pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation of the conviction to any victims of his offense;

    (4)     must order forfeiture, pursuant to 18 U.S.C. § 981 and 28 U.S.C. § 2461; and

    (5)     pursuant to 18 U.S.C. §§ 3564 and 3565, if Cranston is sentenced to a term of probation instead of imprisonment and then violates any condition of that probation, his probation may be revoked, and he may be sentenced to as much as 20 years' imprisonment and at least three years' supervised release.

<u>Restitution</u>

Pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, and the Victim and Witness Protection Act, 18 U.S.C. § 3663(a)(3), Cranston agrees to pay full restitution to the victim of the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying the offense in an amount that fully compensates the victim for the losses sustained as a result of the offense as follows:

| <u>Victim</u> | <u>Amount</u> |
|---|---|
| Port Authority of New York and New Jersey | $11,305,328,26 (minus a credit of $7,429,136.61 already paid) |

Cranston agrees to satisfy the restitution no later than 30 days before the date that Cranston is sentenced pursuant to this agreement, in accordance with instructions to be provided by this Office.

<u>Forfeiture</u>

As part of his acceptance of responsibility, and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), Cranston agrees to forfeit to the United States all of his right, title, and interest in any property, real or personal, which constitutes or is derived from proceeds Cranston obtained that are traceable to the offense charged in the Information. Cranston further acknowledges that the aggregate value of such property was $7,429,136.61; that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is entitled to forfeit substitute assets equal to the value of the proceeds obtained by Cranston, in an amount not to exceed $7,429,136.61 (the "Money Judgment"). Cranston consents to the entry of an order requiring Cranston to pay the Money Judgment, in the manner described below (the "Order"), and that the Order will be final as to Cranston prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to U.S. Customs & Border Protection, indicating Cranston's name, case number, and Homeland Security Investigations investigation number NK19PR17NK0001 on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. Cranston agrees to pay the Money Judgment within 30 days before the date Cranston is sentenced pursuant to this agreement.

Cranston waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Cranston understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. Cranston further understands that Cranston has no right to demand that any forfeiture of Cranston's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon Cranston in addition to forfeiture. Cranston waives all constitutional, statutory, and other challenges to the forfeiture on all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.

Cranston further agrees that Cranston will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office within 14 days of this Office's requesting that Cranston do so. If Cranston fails to timely provide a complete and accurate Financial Disclosure Statement, or if this Office determines that Cranston has intentionally failed to disclose assets on the Financial Disclosure Statement, that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Cranston by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Cranston's activities and relevant conduct with respect to this case.

Stipulations

      This Office and Cranston will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. The stipulations in Schedule A are offered as recommendations to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

      This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

      If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

      If the Court imposes the Stipulated Sentence, neither party will appeal that sentence. In addition, except as specified in the next paragraph below, and in exchange for the concessions this Office made in entering into this plea agreement, Cranston will not challenge by any means his/her conviction or any component of his/her sentence. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion for early termination of probation under 18 U.S.C. § 3564(c), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence.

      Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

      (1)     Any proceeding to revoke the term of probation.

(2)     Any claim Cranston pursues in an appropriate forum, when permitted by law, that Cranston received constitutionally ineffective assistance of counsel.

Immigration Consequences

Cranston understands that, if Cranston is not a citizen of the United States, Cranston's guilty plea to the charged offense will likely result in Cranston being subject to immigration proceedings and removed from the United States by making Cranston deportable, excludable, or inadmissible, or ending Cranston's naturalization. Cranston understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Cranston wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause Cranston's removal from the United States. Cranston understands that Cranston is bound by this guilty plea regardless of any immigration consequences. Accordingly, Cranston waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Cranston also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Divestment

Cranston agrees that, within six months after the Court accepts his guilty plea pursuant to this agreement, he will divest and cease from any direct or indirect ownership, control, employment, or interest in Bayonne or its predecessors, successors, parents, subsidiaries, or affiliates. Cranston further agrees that he will not obtain any direct or indirect ownership, control, employment, or interest in any of Bayonne's predecessors, successors, parents, subsidiaries, or affiliates. Cranston also agrees that he will not have any future business relationship with Bayonne or its predecessors, successors, parents, subsidiaries, or affiliates, except that Cranston and his spouse may continue to receive healthcare from Bayonne. Cranston also agrees he will not be employed by, have direct or indirect ownership of, or have any future interest in another company that performs services under maritime contracts with the federal government.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Cranston. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

<u>No Other Promises</u>

This agreement constitutes the entire plea agreement between Cranston and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

ALINA HABBA
United States Attorney

By:    Mark J. Pesce
        Peter A. Laserna
        Assistant U.S. Attorneys

APPROVED:

Lauren Repole
Deputy Chief, Criminal Division

I have received this letter from my attorneys, Edward C. O'Callaghan, Esq.,
Jeffrey Chiesa, Esq., and Matthew E. Beck, Esq. I have read it. My attorneys and I
have reviewed and discussed it and all of its provisions, including those addressing
the charge, sentencing, stipulations (including the attached Schedule A), waiver,
forfeiture, restitution, divestment, debarment, and immigration consequences. I
understand that this plea agreement is made pursuant to Federal Rule of Criminal
Procedure 11(c)(1)(C), and I accept those terms. I understand this letter fully and
am satisfied with my counsel's explanations. I accept its terms and conditions and
acknowledge that it constitutes the plea agreement between the parties. I
understand that no additional promises, agreements, or conditions have been made
or will be made unless set forth in writing and signed by the parties. I want to plead
guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date: 7/16/25
Michael Cranston


I have reviewed and discussed with my client this plea agreement and all of
its provisions, including those addressing the charge, sentencing, stipulations
(including the attached Schedule A), waiver, forfeiture, restitution, divestment,
debarment, and immigration consequences. My client understands that this plea
agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and
my client accepts those terms. My client understands this plea agreement fully and
wants to plead guilty pursuant to it.

_____          Date:  July 16, 2025
Edward C. O'Callaghan, Esq.
Jeffrey Chiesa, Esq.
Matthew E. Beck, Esq.
Counsel for Michael Cranston

<u>Plea Agreement With Michael Cranston</u>

<u>Schedule A</u>

This Office and Cranston agree to stipulate to the following facts:

1.     The charged offense involved a loss amount of approximately $7,429,136.61.